IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES HILL, #219 009, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-459-WKW |
| | ) | [WO] |
| MS. TRACY JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Charles Hill ("Hill"), an inmate incarcerated at the Kilby Correctional Facility, bring this *pro se* 42 U.S.C. § 1983 action challenging the constitutionality of his confinement as violative of due process and state law because he has not yet been provided a parole revocation hearing. Hill brings suit against Ms. Tracy Jones and Alabama Pardons and Paroles.[1] For relief, Hill seeks declaratory relief and monetary damages. Upon review, the court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

**I. STANDARD OF REVIEW**

Because Hill is proceeding *in forma pauperis* (Doc. 6), the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint

___

[1] The court presumes this defendant references the Alabama Board of Pardons and Paroles as this is the entity which exercises exclusive authority over inmates on parole. For clarity's sake and for the purposes of this Recommendation, the court will refer to it as such.

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49. *See also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II. DISCUSSION

### A. The Alabama Board of Pardons and Paroles

To the extent Hill seeks relief from the Alabama Board of Pardons and Paroles, the parole board is an extension of the State. As such, it is absolutely immune from suit.

> [T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or boards]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit [via waiver of immunity] must be unequivocally expressed in the text of [a] relevant statute.

3

> Waiver may not be implied.  Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks and citations omitted); *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (finding that unless the State consents to suit or Congress has abrogated the State's immunity, which has not occurred, the plaintiff cannot proceed against it as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (finding that "[t]here can be no doubt . . . that suit against the State and its Board of Corrections [or any other state board] is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit.").  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it."  *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).  Thus, Hill's claims for relief against the Alabama Board of Pardons and Paroles are due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## B.  The Challenge to Incarceration

Hill complains he has not been provided a parole revocation hearing and his incarceration for violating parole is therefore improper.  Doc. 1 at 2.  Specifically, Hill alleges his incarceration violates his constitutional right to due process and state law because a parole revocation hearing did not occur within twenty (20) business days as directed by Ala. Code § 15-22-32(a) which requires his release and return to parole.[3]  Under well-established law, Hill is entitled to no relief

---

[3]This code section provides:

> Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, may declare the prisoner to be delinquent, and time owed shall date from the delinquency. The Department of Corrections, after receiving notice from the sheriff of the county jail where the state prisoner is being held, shall promptly notify the board of the return of a paroled

4

on his complaint as it challenges the fundamental legality of his incarceration. *Edwards v. Balisok,* 520 U.S. 641 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the basis for his incarceration.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but equally applies to an action in which declaratory or injunctive relief is sought. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or other judgment on which his incarceration is based]; if he makes allegations that are inconsistent with the [decision] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

---

prisoner charged with violation of his or her parole. Thereupon, the board, a single member of the board, a parole revocation hearing officer, or a designated parole officer shall hold a parole court at the prison or at another place as it may determine within 20 business days and consider the case of the parole violator, who shall be given an opportunity to appear personally or by counsel before the board or the parole court and produce witnesses and explain the charges made against him or her. The board member, parole revocation hearing officer, or a designated parole officer, acting as a parole court, shall determine whether sufficient evidence supports the violation charges. If a hearing is not held within the specified 20 business days, the parolee shall be released  back to parole supervision.

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481.  The "sole remedy in federal court" for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the [basis for his confinement] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute.").  An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996).  Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.  "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original); *see Antonelli v. Foster*, 104 F.3d

899, 901 (7th Cir.1997) (stating that *Heck* applies to any suit "premised . . . on the invalidity of confinement pursuant to some legal process[.]").  The principles espoused in *Heck* and *Balisok* foreclosing review of claims challenging the basis of confinement in a 42 U.S.C. § 1983 action therefore apply when an inmate is challenging his confinement due to a violation of parole and have been so applied by the courts.  *See Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding that Plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of his parole revocation . . . and his resulting imprisonment. . . .  Because [Plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [Plaintiff's] § 1983 claims must be dismissed."); *White v. Gittens*, 121 F.3d 803, 807 (7th Cir. 1997) ("A favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [Plaintiff's] parole and ordering him back to prison.  *Heck* therefore applies, and the § 1983 action is not cognizable in a federal court . . . unless the parole revocation 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'") ; *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging the revocation of his parole where the challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995) (holding that "*Heck* applies to proceedings that call into question the fact or duration of parole."); *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009) (finding "*Heck* applies to parole and probation revocation proceedings.") (citing *Vannoy*, *supra*).

The action of parole officials which forms the basis for Hill's incarceration as a parole violator has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. Under the circumstances of this case, *Heck* and its progeny bar Hill's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his incarceration. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [basis for his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Because Hill's due process challenge goes to the fundamental legality of his imprisonment, it is not cognizable in this civil action as it provides no basis for relief at this time. This claim is therefore due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

## C. Supplemental Jurisdiction

Insofar as Hill seeks relief for a violation of state law, review of this pendent state law claim is appropriate only upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over Hill's state law claim is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now

---

[4]Hill is advised that the filing of a federal petition for writ of habeas corpus is subject to the procedural limitations imposed upon such petitions, and in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicate has exhausted the remedies available in the courts of the State[.]").

identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443–47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). Exercising supplemental jurisdiction is discretionary. *Gibbs*, 383 U.S. at 725–26; *see also* 28 U.S.C. § 1367(c)(3) (provides a district court discretion to "decline to exercise supplemental jurisdiction over a claim . . . [when] the district court has dismissed all claims over which it has original jurisdiction[.]"). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

Because of the resolution of the federal claim presented by Hill, the court concludes that the pendent state law claim regarding the alleged untimeliness of the parole revocation hearing is due to be dismissed without prejudice. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over the state law claim and makes no determination regarding the merits thereof.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Alabama Board of Pardons and Paroles be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) as this defendant is absolutely immune from suit.

2.  Plaintiff's due process claim challenging the fundamental legality of his incarceration as a parole violator be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim currently provides no basis for relief.

3.  Plaintiff's pendent state law claim be DISMISSED without prejudice to any right he may have to present this claim in state court as this court deems it inappropriate to exercise supplemental jurisdiction over this claim.

4.  This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i–iii).

It is further

ORDERED that **on or before August 26, 2020**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of August 2020.


                          /s/   Charles S. Coody
                          CHARLES S. COODY
                          UNITED STATES MAGISTRATE JUDGE